## In re VAUGHN'S GUARDIANSHIP.
## HINES, Adm'r, v. DILLIHUNTY, Gdn.

No. 27249.    Nov. 16, 1937.

J. Thad Baker, Chief Attorney, Veterans' Administration, and Owen Black, Asst. Chief Attorney, Veterans' Administration, for plaintiff in error.

Lee & Allen, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of McCurtain county which affirmed an order of the county court approving a guardian's report and overruled objections thereto. The appeal is prosecuted by Frank T. Hines, Administrator of Veterans' Affairs, under authority of the Act of Congress of July 2, 1926, as amended by the Act of May 29, 1928 (38 U. S. C. sec. 450), and sections 12051 to 12069, inclusive, O. S. 1931. The salient facts necessary to a determination of the appeal will be briefly stated. Lee Olive Vaughn was the minor child of a deceased World War Veteran and as such was entitled to certain monthly sums from the United States Veterans' Administration. On December 10, 1927, Addie Dillihunty, the mother of said minor, qualified as the guardian of his person and estate, and as such was paid the monthly benefits to which the minor was entitled. On February 8, 1930, the guardian filed a petition in the county court, at the direction of the then county judge, for authority to loan $300 of her ward's money upon the security of a first mortgage upon certain real estate. The county court on the same day made an order authorizing said loan. Guardian filed her first annual account on December 1, 1930, and therein reported the $300 loan as an investment and asset of her ward's estate. This report was approved by the county court December 8, 1930. The investment so made was reported also in the annual account filed November 20, 1931, but was not mentioned in the annual reports filed December 8, 1932, October 16, 1933, and October 2, 1934. The guardian thereafter invested $225 of her ward's money in certain real estate and the county court made an order approving said investment. This investment was reported in the annual account of December 8, 1932, and this report was likewise approved on December 22, 1932.

When notice of hearing on the report of October 2, 1934, was given, the Veterans' Administration objected to the approval of said report until the status of the $300 loan and the $225 investment had been satisfactorily explained. The matter was continued from time to time and a hearing was had on the report on August 30, 1935, at which time all of the parties were present and represented, and upon the conclusion thereof the court found that the guardian in making said loan and investment had acted under the authority of the county court and with its approval, and thereupon the court surcharged the guardian's account with a certain item in a closed bank, but otherwise approved the report. Frank T. Hines, Administrator of Veterans' Affairs, gave written notice of appeal to the district court wherein he stated that the appeal was taken both on

questions of law and fact, but that the appeal was particularly from that portion of the order aproving the $300 loan and the $225 investment in real estate. When the cause came on for hearing before the district court, the appellant was permitted, over the objection of the guardian, to file written objections to the guardian's annual report wherein the validity of the proceedings had in connection with making the loan and the wisdom of the investment in real estate purchased by the guardian were challenged. The guardian thereupon moved for a judgment in her favor upon the pleadings. This motion was sustained and a judgment was entered approving the order theretofore made by the county court. The plaintiff in error urges that the court erred in rendering judgment on the pleadings and in approving the guardian's annual account and in refusing to permit appellant to introduce evidence in support of his objections. The sole question presented for the determination of this court is the sufficiency of the pleadings to sustain the judgment of the district court.

In probate matters an appeal may be had to the district court upon questions of law or fact or both. Section 1401, O. S. 1931. If the appeal is on a question of law alone, the appellate court may reverse, affirm, or modify the judgment, decree, or order, or the part thereof appealed from, and every intermediate order which it is authorized by law to review. Section 1411, O. S. 1931. When the appeal is on a question of fact or on questions of both law and fact, trial in the district court must be de novo. Section 1412, O. S. 1931. The notice of appeal to the district court stated that it was taken upon questions of both law and fact, but when the cause came on for hearing the plaintiff in error by written objections which he was permitted to file and by statements of his counsel admitted that only questions of law were involved, to wit, the authority of the county court to authorize the loan and the investment in real estate made by the guardian. Under these circumstances, the district court was required to proceed under section 1411, O. S. 1931. Under section 12062, O. S. 1931, guardians of wards receiving funds from the Veterans' Administration are expressly authorized to invest said funds, the statute reading as follows:

"Every guardian shall invest the funds of the estate in such manner or in such securities, in which the guardian has no interest, as allowed by law or approved by the court."

And section 1477, O. S. 1931, provides as follows:

"The county court, on the application of a guardian or any person interested in the estate of any ward, after such notice to persons interested therein as the judge shall direct 'may authorize and require the guardian to invest the proceeds of sales, and any other of his ward's money in his hands, in real estate, or in any other manner most to the interest of all concerned therein; and the county court may make such other orders and give such directions as are needful for the management, investment and disposition of the estate and effects, as circumstances require."

While under section 12059, O. S. 1931, the Veterans' Administration is entitled to a certified copy of guardians' annual accounts in cases in which it is interested and to have notice of the time and place of hearing of said accounts, it is not authorized to substitute its judgment for that of the guardian and the county court in the management and control of the estate of said wards, this being both by the Constitution and the statute of this state vested exclusively in the county court.

Since it appears from the record and is conceded that the guardian in making the loan in question and the investment in real estate did so at the direction and under the authority of the county court having jurisdiction of the ward's estate, the wisdom of making such investment could not be challenged on objection to the approval of the guardian's report, and the district court, under the record before it, committed no error in affirming the order of the county court.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY, WELCH, and DAVISON, JJ., absent.